JOHNSON, C. J.
No attempt was made by Wheeler or his trustee to take possession, nor to execute the power of salé contained in the conveyance by Alter to secure the debt, though past due over ten years. Alter remained, in the undisturbed possession of the premises until his death in 1879. In the meantime Martin obtained a judgment against him? *98 and caused a levy to be made on tbe real estate covered bj tbe deed to Train.
Did this judgment operate as a lien on this real estate ?
If it was a deed of trust in tbe nature of a mortgage, then the incidents of an ordinary mortgage attach.
In the case'of a mortgage in the usual form, the legal estate remains in the mortgagor in possession, even after condition broken as to all the world, except the mortgagee.
The legal title remaining in the mortgagor is liable to levy and sale on execution. It descends to his heirs, subject to the conditional estate tp the mortgagee.
The latter may maintain ejectment or take other legal steps to obtain possession after condition broken, but until he does so, the mortgagor is at law owner of the fee. The mortgage is a conditional conveyance which becomes void upon payment of the debt, without a formal reconveyance. Lessee of Ely v. McGuire, 2 Ohio, 223 ; Lessee of Phelps v. Butler, 2 Ohio, 224; Farmers' Bank v. Com. Bank, 10 Ohio, 71; Lessee of Perkins v. Dibble, 10 Ohio, 438; Seymour v. King, 11 Ohio, 342; Mc Arthur v. Franklin, 16 Ohio St. 103 ; Swartz v. List, 13 Ohio St. 419; Allen v. Everly, 24 Ohio St. 97.
Inasmuch as the law requires an appraisement of the fee as unincumbered real estate, there is difficulty in selling land subject to a mortgage, unless the purchaser is willing to pay two-thirds of the whole value for the legal title, with the equity of redemption, which he would acquire by such purchase. Baird v. Kirtland et al., 8 Ohio, 21; Seymour v. King, 11 Ohio, 342.
Theconveyauce before us has the ordinary condition which distinguishes a mortgage from an absolute deed, or from a deed creating a trust. It is provided that if the debt is paid according to the terms stipulated, “ the conveyance shall be void and of no effect.” It is not an unconditional deed of trust, but a mortgage, or deed of trust in the nature of a mortgage. It is not an absolute and indefeasible title in the trustee for the purposes expressed in the trust, with nothing *99 but au equity in the grantor, but an estate upon a condition, to secure a debt, to become void upon its payment.
Where the conveyance to a trustee is as collateral security, merely, for the payment of a debt, with the condition that it shall become void upon its payment and with a power to sell the land in case of default, it is a deed of trust in the nature of a mortgage. The grantor parts with his title conditionally only. If there is no such condition, but the conveyance is an absolute deed of trust for the purpose of raising money to pay a debt if not paid as agreed, the grantor. parts with all his legal estate, and whatever rights he has arc, in 'their nature, equitable merely. Hoffman et al. v. Mackall, 5 Ohio St. 130; Woodruff v. Robb, 19 Ohio, 217; Eaton v. Whiting, 3 Pick. 485.
The fact that the deed is made to a trustee with power of sale does not change its character in this respect, same cases.
Moore v. Burnett, 11 Ohio, 334, and Morris v. Way, 16 Ohio, 469, are deeds of trust without a condition that they were to be void if the debt was paid / hence they are the conveyances of an absolute estate in trust to secure a debt, with a power of sale in the trustee to execute the trust, while Woodruff v. Robb, supra, and the case at bar have such a condition. The former divests the grantor of his legal estate, leaving nothing but an equity in the grantor; while the latter is a security for the debt, defeasible upon its payment. The cases of Moore v. Burnett and Morris v. Way, are not in conflict with Woodruff v. Robb. Both forms of instruments are mortgages in equity. In the latter the legal.estate remains in the mortgagor after default, as against all the world, except the mortgagee, while in the former the legal title passes absolutely, leaving an equity merely in the grantor.
With this distinction between absolute deeds of trust with power of sale, and conditional deeds of trust with like power, defeasible upon payment of debt, the cases are reconcilable. In the former case there is no legal estate remaining in the grantor, and therefore no judgment lien, while in the latter the legal estate remains in the grantor in possession, in favor of judgment creditors, subject to the mortgage.
*100 So in Baird v. Kirtland, 8 Ohio, 21, the deed was absolute, with a separate defeasance, or rather penal bond, by which the grantee covenanted upon payment of a debt, to convey back the land. Nothing but an equity remained in the grant- or. This is not subject to levy and sale.
In that case it' was conceded that if it was an ordinary mortgage, the legal estate remained in the grantor.
Here, neither Wheeler nor his trustee sought to enforce their conditional deed but suffered Alter to remain in possession. He was a mortgagor in possession, having, as against judgment creditors, the legal title to the premises, and therefore the judgment of Martin was a lien thereon subject to the Wheeler mortgage.

Judgment reversed.